# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAKESHIA STONE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   Case No. |
| vs. | ) |
| | ) |
| WAL-MART | ) |
| | ) |
|     **Defendant.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Wal-Mart, with full reservation of all defenses, objections and denials, including but not limited to service, jurisdiction, venue, and statute of limitations, and hereby removes the above-captioned matter from the Circuit Court of Buchanan County, Missouri, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant states the following:

    **I.**    **PROCEDURAL REQUIREMENTS**

    1.    Plaintiff Makeshia Stone filed the instant lawsuit against Defendant Wal-Mart, in the Circuit Court of Buchanan County, Missouri, Case No. 20BU-CV02192, on June 25, 2020.

    2.    Defendant was served with the Petition for Damages on July 8, 2020. Defendant has not yet answered Plaintiff's Petition.

    3.    As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the Circuit Court of Buchanan County, Missouri, are attached hereto as Exhibit A.

    4.    This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as it is the United States District Court embracing the District Court of Buchanan County, Missouri, where Plaintiff's Petition is currently pending. *See* 28 U.S.C. § 96.

    5.    Without waiving any objection to service, this Notice of Removal is timely filed

pursuant to 28 U.S.C. § 1446(b) because the same has been filed within thirty (30) days of service on Defendant.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will file written notice of this removal with the Clerk of the Circuit Court of Buchanan County, Missouri, where Plaintiff's Petition is currently pending. A copy of the notice is attached hereto as Exhibit B. A copy of this Notice of Removal and the written notice of the Notice of Filing Notice of Removal have been served upon Plaintiff.

## II. DIVERSITY OF CITIZENSHIP

7. Upon information and belief, Plaintiff is a citizen of Missouri. *See* Exhibit A, Plaintiff's Petition, ¶ 1.

8. Walmart, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Thus, this Defendant is a citizen of Delaware and Arkansas.

9. As Plaintiff is a citizen of Missouri and Defendant is a citizen of Delaware and Arkansas, diversity of citizenship exists.

## III. AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

10. Plaintiff has alleged she has suffered "severe injuries" including, but not limited to low back pain with radiculopathy, lumbar degenerative disc disease, bilateral shoulder pain, chronic neck pain, numbness and tingling in bilateral hands, cervicalgia, neuritis, neuralgia, fibromyalgia, anxiety, depression, PTSD, pain in lower left leg with numbness, loss of personal time, diminution of her ability to enjoy her customary way of life as she did prior to said injuries, and daily living activities. *See* Exhibit A, Plaintiff's Petition, ¶ 8. Plaintiff is claiming that her injuries are "expected to be permanent and progressive in nature." *See* Exhibit A, Plaintiff's Petition, ¶ 9. Plaintiff is alleging damages for past and future medical treatment. *See* Exhibit A,

Plaintiff's Petition, ¶ 10. In addition, prior to filing suit, Plaintiff made a demand upon defendant in excess of $75,000 for the resolution of this matter.

11. Where a plaintiff alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Such facts can include "plaintiff's representations," or an "extensive list of serious and disabling injuries." *Miller v. CEVA Logistics*, 2008 U.S. Dist. LEXIS 2116 (W.D. Mo. 2008).

12. Here, Plaintiff has alleged she has suffered numerous medical conditions, that may be permanent. She is claiming both past and future medical expenses and has made a demand upon defendant in excess of $75,000.

13. Although Defendant denies liability, based upon Plaintiff's allegations in the Petition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §1332(a).

WHEREFORE, based on the above and foregoing, Defendant Wal-Mart removes this action from the Circuit Court of Buchanan County, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Tracy M. Hayes
Bradley S. Russell     MO #39392
Tracy M. Hayes     MO #58555
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250

Overland Park, KS 66210
Phone: 913.234.6100
Fax: 913.234.6199
b.russell@swrllp.com
t.hayes@swrllp.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

 I hereby certify that on the 28th day of July, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record:

Jay M. Allison
TIEMAN, SPENCER, & HICKS
702 Felix Street
St. Joseph, MO 64501
Phone: 816.279.3000
Fax: 816.279.3066
**ATTORNEYS FOR PLAINTIFF**

        /s/ Tracy M. Hayes
        Attorney